[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 80.]

OFFICE OF DISCIPLINARY COUNSEL *v*. COOK.

[Cite as *Disciplinary Counsel v. Cook*, 2000-Ohio-447.]

*Attorneys at law—Misconduct—Six-month suspension with full credit for time served under interim suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct that adversely reflects on fitness to practice law.*

(No. 99-2264—Submitted February 9, 2000—Decided May 24, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-22.

_____

{¶ 1} In December 1996, Montel L. Humphrey employed respondent, Gary Cook of Shaker Heights, Ohio, Attorney Registration No. 0021240, to prepare contracts to purchase a bar, a beauty supply store, and a home, and to incorporate H.M. Company and T.M.T.L., Inc.

{¶ 2} Respondent was unaware that Humphrey obtained the money to engage in these transactions from the distribution of illicit drugs.

{¶ 3} In May 1998, however, the United States attorney charged respondent under Sections 1957(a) and 2, Title 18, U.S.Code, for engaging in monetary transactions in property derived from specified unlawful activity. (The specified unlawful activity was conspiracy to distribute a controlled substance under Section 846, Title 21 U.S.Code.)

{¶ 4} Respondent entered into a plea agreement in which he admitted that he "assisted Humphrey in the [attempt] to obtain financing for the residence [and] * * * that he acted with reckless disregard for the truth as to the source of Humphrey's monies with a conscious purpose to avoid learning the truth about the

source of the funds to be used by Humphrey in the unlawful transaction to purchase the residence."

{¶ 5} Respondent was sentenced to three years of probation, six months' home confinement, one hundred and fifty hours of community service, and ordered to pay a fine of $2,000. In February 1999, based on the felony conviction, he was suspended from the practice of law for an interim period pursuant to Gov.Bar R. V(5)(A)(4). *In re Cook* (1999), 84 Ohio St.3d 1498, 705 N.E.2d 1240.

{¶ 6} On April 12, 1999, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's conduct violated DR 1-102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) and 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law). Respondent answered, and a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on stipulated facts. The panel found the facts as stipulated and concluded that respondent had violated DR 1-102(A)(5) and 1-102(A)(6). The panel noted that respondent had no intent to commit a crime, had cooperated with the district attorney in the prosecution of Humphrey, had already completed the six months of home confinement and community service, and had paid the fine imposed by the United States District Court. The panel recommended that respondent receive a six-month suspension with credit for time served, that the interim suspension be terminated immediately, and that respondent be reinstated to the practice of law.

{¶ 7} The board adopted the findings, conclusions, and recommendation of the panel. It recommended that respondent be suspended from the practice of law for six months, with full credit for the time respondent served under the interim suspension. The board further recommended that respondent's suspension be terminated immediately and that he be reinstated to the practice of law.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Lori J. Brown*, First Assistant Disciplinary Counsel, for relator.

*Mary L. Cibella*, for respondent.

––––––––––––––––––

*Per Curiam*.

{¶ 8} We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law for six months. Respondent shall receive full credit for time served under the interim suspension; therefore, the interim suspension is immediately terminated and respondent is reinstated to the practice of law. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––